OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Plaintiff-Appellant FIA Card Services, N.A. ("FIA") appeals from the February 5, 2007 Journal Entry of the Court of Common Pleas, Auglaize County, Ohio dismissing this case due to FIA's failure to appear at a scheduled hearing.
 {¶ 2} On September 4, 2006 FIA was issued an arbitration award in its favor and against Defendant-Appellee, Fred Sipes ("Sipes").[1] On December 27, 2006 FIA filed a motion and application to confirm and enforce arbitration award with the Auglaize Court of Common Pleas. On this same date, the trial court issued an Order setting FIA's motion matter for a hearing on January 31, 2007. However, on the date of the scheduled hearing, FIA failed to appear. On February 5, 2007 the trial court entered a Journal Entry dismissing the case due to FIA's failure to appear. FIA now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR WHETHER THE TRIAL COURT PREJUDICIALLY ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S APPLICATION TO CONFIRM ARBITRATION AWARD WITH PREJUDICE.
 {¶ 3} Initially, we note that the Appellate Rules state: "if an appellee fails to file his brief within the time provided by this rules, or within the time as *Page 3 
extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); State v.Young, 3rd Dist. No. 13-03-52, 2004-Ohio-540. In the instant case the appellee, Sipes, failed to submit a brief to this court. Accordingly, we elect to accept the statement of facts and issues of FIA, the appellant, as correct pursuant to App.R. 18(C).
 {¶ 4} In its sole assignment of error, FIA argues that the trial court erred and abused its discretion when it dismissed this case due to FIA's failure to appear at a hearing because FIA was never properly served with notice.
 {¶ 5} An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 6} Our review of the record reveals that FIA filed its motion and application to confirm and enforce arbitration award on December 27, 2006. Submitted with this motion was an "order setting arbitration confirmation hearing" as prepared by FIA. The trial court made use of the order submitted by FIA and set the hearing for January 31, 2007 at 11:30 a.m. This order was also dated *Page 4 
December 27, 2006. Review of the trial court's transcript of docket and journal entries reveals that the court mailed copies of FIA's motion and the order to Sipes via certified mail.[2] We note that FIA's attorney filed an affidavit stating that he did not receive notice of the January 31, 2007 hearing. This affidavit is supported by the fact that the court's transcript of docket and journal entries does not indicate that the court ever served FIA with a copy of the order setting the hearing.
 {¶ 7} Based upon the foregoing, we find no evidence that FIA was timely and properly notified by the court of the January 31, 2007 hearing. Therefore, we find that the trial court committed reversible error and abused its discretion when it dismissed this case due to FIA's failure to appear.
 {¶ 8} Accordingly, we sustain FIA's sole assignment of error. The February 5, 2007 Journal Entry of the Auglaize County Court of Common Pleas dismissing this case is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] The arbitration award of $21,480.68 in favor of FIA was issued by an arbitrator associated with the National Arbitration Forum and was entered and affirmed in the State of Ohio on September 4, 2006.
[2] The record also includes the certified mail return receipt signed by Sipes on December 29, 2006. *Page 1